**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**LUIS VALERA OROPEZA,**

**Petitioner,**

v.

**LUIS SOTO, *et al.*,**

**Respondents.**

**Case No. 26–cv–04997–ESK**

**OPINION**

---

**THIS MATTER** is before the Court on petitioner Luis Valera Oropeza's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)   Respondents oppose the Petition.   (ECF No. 9.)

1.     Petitioner is a citizen of Venezuela.   (ECF No. 1 ¶ 31.)   He entered the United States without admission or parole on or about July 25, 2023.   (*Id.* ¶ 32.)

2.     He was briefly detained but was ultimately released "due to custody constraints … ."   (ECF No. 9–1 p. 2.)

3.     On September 28, 2024, petitioner was arrested in New Jersey for shoplifting, N.J.S.A. § 2C:20–11(b)(2). (ECF No. 1 ¶ 34.) That charge remains pending.   (*Id.*)

4.     On November 4, 2024, petitioner was arrested in New York for petit larceny, NYPL § 155.25, and possession of stolen property, NYPL § 165.40. (*Id.*)   Those charges remain pending.   (*Id.*)

5.     On July 7, 2025, petitioner was arrested in New York on harassment charges, NYPL § 240.30(01).   (*Id.*)   The charge was dismissed and sealed. (*Id.*)

6.     On November 11, 2025, petitioner was arrested in New York for petit larceny, NYPL § 155.25, and possession of stolen property, NYPL § 165.40. (*Id.*)   Those charges were dismissed and sealed.   (*Id.*)

7.     Petitioner was directed to appear for a check-in on December 23, 2025.   (*Id.* ¶ 35.)   He was detained by Immigration and Customs Enforcement (ICE) at that meeting.   (*Id.*)   He has not received a bond hearing.   (*Id.* ¶ 36.)

8.    Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9.    Respondents argue that petitioner's detention is mandatory pursuant to the Laken Riley Act (Act), which amended 8 U.S.C. § 1226(c) to mandate detention of noncitizens who are inadmissible and are charged with, or arrested for, "acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person."  8 U.S.C. § 1226(c)(1)(E).   They further argue that I lack jurisdiction to determine whether § 1226(c) applies to petitioner. (ECF No. 9 p. 3 (citing 8 U.S.C. § 1226(e)).)

10.    I reject respondents' assertion that I have no jurisdiction to determine the applicability of § 1226(c).  Section 1226(e) deprives district courts of jurisdiction over "[t]he Attorney General's *discretionary* judgment regarding the application of this section … ."  (Emphasis added).  The question before me now is a purely legal question regarding § 1226(c)'s applicability to petitioner's charges.  If § 1226(c) governs, then petitioner's detention is mandatory.  There is no exercise of discretion.  "[L]egal interpretation, … has been, 'emphatically,' 'the province and duty of the judicial department' for at least 221 years."  *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024) (quoting *Marbury* v. *Madison*, 1 Cranch 137, 177, 2 L.Ed. 60 (1803)).  Accordingly, § 1226(e) does not remove my jurisdiction over the claims raised in the Petition.

11.    At my request, the parties submitted supplemental briefing on whether the Act applies to charges filed before its enactment.   (ECF Nos. 12, 13.)   Respondents concede that the Act "applies prospectively from the date of enactment, January 29, 2025."  (ECF No. 12 p. 1.)  I agree; therefore, petitioner's 2024 charges may not be the basis for mandatory detention under § 1226(c).

12.    Respondents argue that petitioner's November 11, 2025 charges in New York support mandatory detention as they are theft offenses.  (*Id.*) Petitioner argues that the Act is inapplicable when criminal charges that otherwise support mandatory detention have been dismissed.  (ECF No. 10 pp. 2, 3, 4.)

13.   The Act applies, as is relevant here, when an inadmissible noncitizen "is charged with" qualifying offenses.   8 U.S.C. §1226(c)(1)(E)(ii).   "Congress used the present tense 'is charged with' as opposed to was or has been when defining the scope of the obligation to detain.   Under common usage of the English language, if criminal charges against someone have been dropped, we would not continue to say the person is 'charged with' that crime, present tense."   *Rivera Guzman v. Arteta*, No. 26–cv–02808, 2026 WL 1045920, at *3 (S.D.N.Y. Apr. 16, 2026) (cleaned up); *see also Carr v. United States*, 560 U.S. 438, 448 (2010) ("[T]he Dictionary Act instructs that the present tense generally does not include the past.")   "Had Congress intended to make detention mandatory for anyone who *was* charged with larceny, it certainly knew how." *Id.* (emphasis in original) (internal quotation marks omitted).   "Detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute."   *Hairo v. Crawford*, No. 2:25–cv–00704, 2026 WL 286176, at *3 (E.D. Va. Feb. 3, 2026) (cleaned up).

14.   Accordingly, petitioner cannot be subject to mandatory detention under §1226(c) based on charges that have been dropped.   Therefore, I find that §1226(c) does not apply to petitioner.

15.   I conclude that petitioner's detention is governed by §1226(a), which requires an opportunity to seek bond.   *See Ayala Amaya v. Bondi*, No. 25–cv–16428, 2025 WL 3033880, at *2–3 (D.N.J. Oct. 30, 2025).

16.   Therefore, I will grant the Petition and direct respondents to provide petitioner with a bond hearing within seven days.

17.   An appropriate order follows.

Dated: June 2, 2026

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

3